23423.   RATLIFFE *et al. v.* HARTSFIELD COMPANY.

DECIDED SEPTEMBER 17, 1934.

*Sutherland, Tuttle & Brennan, William T. Dean, George C. Dean,* for plaintiffs in error.

*Robert T. Efurd, Mose S. Hayes,* contra.

GUERRY, J. Only headnotes 2 and 3 will be discussed. In a suit on a note by the Hartsfield Company against the plaintiffs in error, the following letter addressed to them was served more than ten days prior to the filing of the suit in the Fulton division of the municipal court of Atlanta: "Gentlemen: Hartsfield Company holds a note for $650, executed in April, 1932, and under its terms there is a balance of $387.06 principal, together with interest, now due. This note is signed by Dr. J. W. Ratliffe, and each of you signed a guaranty on the back thereof guaranteeing the fulfillment of each of the terms and conditions contained in said note, one of which is to pay 20 per cent. attorney's fees if collected by law or through an attorney at law. I intend to bring suit against each of you on this guaranty to the April term, 1933, of the municipal court of Atlanta, the return day of said court is twelve days prior to the first Monday in April, 1933. The purpose of this notice is to obtain attorney's fees as is provided for by law, and as is provided for in said guaranty. Yours very truly, Mose Hayes." Suit was afterwards filed to the Fulton division of the municipal court of Atlanta by Hartsfield Company, through its attorneys at law, Efurd and Mose S. Hayes. One of the defendants, in answering, denied that he was a resident of the City of Atlanta. The notice fails to show on its face what connection Mose Hayes had with the Hartsfield Company, it stating that they were the holders of the note. Except for this allegation, Mose Hayes himself would be presumed to be the holder of the note. See *Aycock* v. *Tillman,* supra. The notice must be given by the holder, his agent or attorney; otherwise, the maker would be under no necessity to take any note thereof. The notice must also clearly state to what court suit will be filed. The Fulton division of the municipal court is as distinct from the DeKalb division, territorially, as is the superior court of DeKalb county distinct from the superior court of Fulton county. We are of the opinion that the notice for attorney's fees did not come up to the requirements of the law, and therefore affirm the judgment on condition that the amount representing such fees be written off; if this is not done the judgment is reversed.

*Judgment affirmed on condition. Broyles, C. J., and MacIntyre, J., concur.*